## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 2:22-CV-42** |
| | ) | |
| **v.** | ) | **Judges _____** |
| | ) | |
| **REAL PROPERTY LOCATED AT** | ) | |
| **14 PLANTED STONE COURT,** | ) | |
| **JONESBOROUGH, TENNESSEE 37659,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## VERIFIED COMPLAINT *IN REM*

Comes now the plaintiff, United States of America, by and through its attorneys, Francis M. Hamilton III, United States Attorney for the Eastern District of Tennessee, and Gretchen Mohr, Assistant United States Attorney, and brings this complaint and alleges as follows in accordance with Rule G(2) of the Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

## NATURE OF THE ACTION

1.     In this *in rem* civil action, the United States of America seeks forfeiture of the real property located at 14 Planted Stone Court, Jonesborough, Tennessee 37659, (hereinafter "defendant property")

## THE DEFENDANT *IN REM*

2.     The United States seeks forfeiture of the following defendant property, with all buildings, appurtenances, improvements, and attachments thereon, which are more fully identified and more particularly described below:

**14 Planted Stone Court, Jonesborough, Tennessee 37659**

IN THE CITY OF JONESBOROUGH, WASHINGTON COUNTY, TENNESSEE:

BEING all of Lot 31, Vines Farm on Main Subdivision of record in Plat Book 21. Page 693, in the Register's Office for Washington County, Tennessee, to which reference is here made for a full and complete description of said Lot.

Description taken from previous deed.

AND BEING a part of the same property conveyed to Orth Construction Company, a Tennessee General Partnership, from Wolfe Development, GP, by Warranty Deed of record in Roll 976, Image 1366, Register's Office for Washington County. Tennessee, to which deed reference is here made.

Map 52N, Group B, Parcel 7.00

For further reference see Deed recorded on November 1, 2019, in the Register of Deeds Office for Washington County, Tennessee as Deed No. 19018293, in Roll 999, Image 2274-2276.

3. The defendant property has not been seized but is within the jurisdiction of the Court pursuant to 28 U.S.C. § 1355(b)(1)(A). The United States does not request authority from the Court to seize the defendant property at this time. The United States will, as provided by 18 U.S.C. § 985(b)(2) and (c)(1):

    a. post notice of this action and a copy of the Complaint on the defendant property;

    b. serve notice of this action on the record owner of the defendant property, and any other person or entity who may claim an interest in the defendant property, along with a copy of this Complaint;

    c. execute a writ of entry for purposes of conducting an inspection and inventory of the property; and

d.      file a notice of *lis pendens* in the county records where the defendant property are located.

## JURISDICTION AND VENUE

4.      Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5.      This Court has *in rem* jurisdiction over the defendant property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture of the defendant property occurred in this district.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A), because the acts or omissions giving rise to the forfeiture occurred in this district. Additionally, venue is proper pursuant to 28 U.S.C. § 1395(b) because the property is located in this district.

## BASIS FOR FORFEITURE

7.      The United States of America seeks forfeiture of the defendant property pursuant to:

a)      21 U.S.C. § 881(a)(6), which authorizes forfeiture of all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act, in violation of 21 U.S.C. §§ 841 and/or 846; and

b)      21 U.S.C. § 881(a)(7), which authorizes forfeiture of all real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

3

8.     Pursuant to 21 U.S.C. § 881(h) and 18 U.S.C. § 981(f), all right, title and interest in the defendant property became vested in the United States at the time of the acts giving rise to the forfeiture.

## FACTS

9.     As set forth in detail in the Affidavit of United States Deputy Marshal Bradley Redmond, the Government's investigation has determined that the defendant property is proceeds of and facilitated drug-related violations of 21 U.S.C. §§ 841 and 846.  The owner of the defendant property, Linda Adamson, and other co-conspirators engaged in the distribution of methamphetamine in the Eastern District of Tennessee.

10.     The defendant property is subject to forfeiture to the United States in accordance with 21 U.S.C. §§ 881(a)(6) and 881(a)(7).

## CLAIM FOR RELIEF

11.     Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 10 above.

## PRAYER FOR RELIEF

Wherefore, the United States of America prays:

(1)     Defendant property be condemned and forfeited to the United States of America in accordance with the provisions of law;

(2)     Notice of this action be given to all persons known or thought to have an interest in or right against the defendant property;

4

(3)    Plaintiff be awarded its costs in this action and for such other necessary and

equitable relief as this Court deems proper.

Respectfully submitted,

FRANCIS M. HAMILTON III
United States Attorney

By:    *s/Gretchen Mohr*
GRETCHEN MOHR
Assistant United States Attorney
NY Bar No. 5064704
800 Market Street, Suite 211
Knoxville, Tennessee 37902
gretchen.mohr@usdoj.gov
(865) 545-4167

5

## **VERIFICATION**

I, Bradley Redmond, United States Deputy Marshal, hereby verify and declare under penalty of perjury as provided by 28 U.S.C. § 1746, the following:

That I have read the foregoing Verified Complaint *In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint *In Rem* and in the accompanying Affidavit are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are from information gathered by law enforcement officers.

I hereby verify and declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this ___15TH___ day of April, 2022.

Bradley Redmond
Senior Inspector / Deputy U.S. Marshal
Asset Forfeiture Inspector – Eastern Tennessee

6